UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: MAHAMAT ROZI, | Case No. 2:25-cv-02557-GMN-MDC <br><br> SERVICE AND APPOINTMENT ORDER |

Petitioner Mahamat Rozi, an immigration detainee, has filed a Motion to Proceed *In Forma Pauperis* ("IFP"), filed a Petition for Federal Habeas Corpus relief under 28 U.S.C. § 2241, and requested that counsel be appointed. (ECF Nos. 1 ("IFP Motion"), 1-1 ("Petition").) The Court finds that good cause exists to grant the IFP Motion. And, following a preliminary review of the Petition under the Rules Governing Section 2254 Cases,[1] the Court first finds that the Petition suffers from a procedural defect; namely, Rozi has not listed the warden of Nevada Southern Detention Center as a respondent in this action. Second, the Court finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[2] Third, because the Petition establishes a *prima facie* case for relief, the Court directs that it be served on the United States Attorney's Office for the District of Nevada, given that they will be representing at least one Respondent in this matter following the filing of the Amended Petition.

It is therefore Ordered that the IFP Motion (ECF No. 1) is granted.

---

[1] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

[2] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

It is further Ordered that the Federal Public Defender for the District of Nevada is appointed to represent Rozi and is directed to file a notice of appearance (or indicate its inability to represent Rozi) within 7 days of the date of this Order. If the Federal Public Defender is unable to represent Rozi, alternate counsel will be appointed. Appointed counsel will represent Rozi in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further Ordered that if the Federal Public Defender files a notice of appearance in this matter, it will then have 14 days to file an Amended Petition. The Federal Public Defender shall effectuate service of the Amended Petition on the Respondents.

It is further kindly Ordered that the Clerk of Court:

1. **FILE** the Petition (ECF No. 1-1).

2. **DELIVER** a copy of the Petition (ECF No. 1-1) and this Order to the U.S. Marshal for service, as detailed below.

3. **ADD** the United States Attorney for the District of Nevada and John Mattos, the Warden of Nevada Southern Detention Center, to the docket as Interested Parties.

4. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this Order to the United States Attorney's Office for the District of Nevada, at Sigal.Chattah@usdoj.gov, summer.johnson@usdoj.gov, Veronica.criste@usdoj.gov, and caseview.ecf@usdoj.gov, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

5. **SEND** the Federal Public Defender, Rozi, and the CJA Coordinator for this division a copy of the Petition (ECF No. 1-1) and this Order.

It is further Ordered that the U.S. Marshal **SERVE** a copy of the Petition (ECF No. 1-1) and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United State Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

It is further Ordered that the United States Attorney's Office for the District of Nevada file a notice of appearance within 7 days of the date of this Order and file and serve their Answer to the Amended Petition within 7 days of service of the Amended Petition. The Respondents must file with their Answer any documents reference or relied upon in their responsive pleading.[3] Rozi will then have 7 days to file a reply.

It is further Ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further Ordered that the Respondents shall not transfer Rozi out of this District.[4]

Dated: December 23, 2025

_____
Gloria M. Navarro, Judge
United States District Court

---

[3] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243).

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").