**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MAHAMAT ROZI,

                        Petitioner,

    vs.

KRISTI NOEM, *et al.*,

                Respondents.

Case No.: 2:25-cv-02557-GMN-MDC

**ORDER GRANTING AMENDED § 2241 PETITION**

Pending before the Court is Petitioner Mahamat Rozi's Amended Petition for Writ of Habeas Corpus, (ECF No. 10). Also pending before the Court is Petitioner's Preliminary Injunction, (ECF No. 12). Respondents Michael Bernacke, Pam Bondi, Todd Lyons, and Kristi Noem filed a Response to both the Amended Petition and the Preliminary Injunction, (ECF No. 14),[1] to which Petitioner replied, (ECF No. 15). Because Petitioner has demonstrated that his detention is unconstitutional, the Court GRANTS his Amended Petition and orders his release.

**I.**    **BACKGROUND**

Petitioner Mahamat Rozi was born in Chad and came to the United States as an asylee in 1996. (Am. Pet. 3:25–26, ECF No. 10). He was ordered removed from the country to Chad or Niger on February 6, 2018. (*Id.* 3:26–4:2); (Imm. Judge Order, Ex. A to Resp., ECF No. 14-1). Petitioner appealed to the Board of Immigration Appeals, which dismissed his appeal on June 28, 2018. (BIA Decision, Ex. B to Resp., ECF No. 14-2). Petitioner further appealed to the Ninth Circuit, which denied his petition for review on June 19, 2019. (Ninth Circuit Order, Ex. C to Resp., ECF No. 14-3). The mandate for that decision issued on August 20, 2019. (*Id.*). The next day, Chad notified ICE that it would not provide a travel document for Petitioner

---

[1] Because that Court grants the Amended Petition for Writ of Habeas Corpus, it denies the Motion for Preliminary Injunction as moot.

without an identity document confirming he was a Chadian citizen. (Letter from Chad Embassy, Ex. D to Resp., ECF No. 14-4). Petitioner was held in detention until October 7, 2019, when he was released on an Order of Supervision. (Order of Supervision, Ex. E to Resp., ECF No. 14-5). After he was released, Petitioner was convicted of two crimes in violation of his supervision. (Drug Conviction Documents, Ex. F to Resp., ECF No. 14-6); (Assault Conviction Documents, Ex. G to Resp., ECF No. 14-7). On May 1, 2025, ICE discovered that Petitioner was in Utah state custody for another crime. (Record, Ex. H to Resp., ECF No. 14-8). Petitioner was released to ICE custody on July 22, 2025. (*Id.*).

On December 1, 2025, Petitioner filed a Petition for Writ of Habeas Corpus, (ECF No. 1-1), alleging that his detention is unlawful and seeking immediate release from ICE custody. After the Court appointed the Federal Public Defender as counsel for Petitioner, he filed an Amended Petition, (ECF No. 10), and a Motion for Preliminary Injunction, (ECF No. 12).

II.   **LEGAL STANDARD**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

III.   **DISCUSSION**

Petitioner was most recently placed in ICE custody on July 22, 2025. (Record, Ex. H to Resp.). Therefore, as of the date of this Order, Petitioner has been in renewed post-removal

immigration custody for six months.  Respondents concede that the limitations described in *Zadvydas v. Davis*, 533 U.S. 678 (2001) apply, and explain that ICE is unable to provide any documentation as to any progress made towards removal to the countries identified in Petitioner's removal order. (Resp. 2:12–15, ECF No. 14).  They further explain that ICE has not identified any potential third country for Petitioner's removal. (*Id.* 2:14–15).

Based on these facts, Respondents do not make any argument as to why the Amended Petition should not be granted.  Instead, they concede that this case is not factually distinguishable from *Barka v. Mattos*, No. 2:25-cv-1781-GMN-MDC and *Bunnell v. United States*, Case No. 2:25-cv-2259-GMN-EJY, and the Court agrees.  The Court thus adopts and incorporates its reasoning in *Barka* and *Bunnell* and finds that Petitioner has shown that he is being unconstitutionally detained under the standard articulated in *Zadvydas*, 533 U.S. 678. Respondents ask the Court to "give ICE 48 hours to release petitioner so that they can ensure a safe and orderly release during the daytime," (Resp. 2:21–23), a request to which Petitioner does not object, (Reply 2:5–6).  Accordingly, the Court GRANTS the Amended Petition for Writ of Habeas Corpus and orders Petitioner released from detention with 48 hours.

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that the Amended Petition, (ECF No. 10), is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction, (ECF No. 12), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Petitioner must be released from detention in 48 hours subject to the conditions of his prior order of supervision. *See* 8 U.S.C. § 1231(a)(3).

**IT IS FURTHER ORDERED** that the parties must file a Joint Status Report no later than January 26, 2026, to certify compliance with the Court's order.

**IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner in the future absent proof of changed circumstances making his removal reasonably foreseeable.

**IT IS FURTHER ORDERED** that Respondents are enjoined from removing Petitioner to a third country without providing Petitioner with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal.

Counsel for Respondents are directed to immediately provide notice of this Order to the parties they represent.  The Clerk of Court is kindly directed to send a copy of this Order to the Warden of Nevada Southern Detention Center in Pahrump, Nevada.

**DATED** this __22__ day of January, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court